**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

JOEL HERSKOVITS,

                                        **Plaintiff,**

                    -against-

COMMISSIONER OF SOCIAL SECURITY,

                                        **Defendant.**
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___ 3/24/2026

24-CV-02570 (LJL)(SN)

**REPORT AND**
**RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE LEWIS J. LIMAN:**

On April 4, 2024, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) seeking review of a denial of disability benefits. ECF No. 1. On November 6, 2024, the Court approved a stipulation and order between the parties that remanded the matter for further proceedings before the Commissioner. ECF No. 10. On February 14, 2025, the Court approved a separate stipulation and order awarding Plaintiff $2,750 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 17.

Following the remand, Plaintiff received retroactive benefits from the Social Security Administration. See ECF No. 19 at 17-21. Thereafter, on February 25, 2026, Plaintiff's counsel filed a motion for an award of attorney's fees in the amount of $26,000 pursuant to 42 U.S.C. § 406(b). ECF No. 18. The Commissioner neither supports nor opposes the request for attorney's fees. See ECF No. 22.

Section 406(b) permits the Court to approve "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. §406(b)(1)(A)). In addition, the Court may consider the

effective hourly rate in determining reasonableness, as well as the character of the representation, the results achieved, whether there was undue delay, and any potential windfall. Id. at 808.

Having reviewed the February 25, 2026 motion, along with all supporting documents, I find that the requested award is reasonable, and I recommend that the Court enter an order granting attorney's fees in the amount of $26,000, which represents less than 25% of the past due benefits awarded to Plaintiff. This award would result in an effective hourly rate of $2,000, which the Commissioner acknowledges is "in line with some recent awards." ECF No. 22 at 4. Given the total success that Plaintiff's counsel achieved, a reduction in the fee request is not warranted.

Further, I also recommend that the Court direct Plaintiff's counsel to refund directly to Plaintiff the previously awarded EAJA fee of $2,750 once Plaintiff's counsel receives the above-mentioned attorney's fees. See, e.g., Jecca v. Comm'r of Soc. Sec., No. 20-CV-5598 (GBD) (BCM), 2023 WL 11271921, at *3 (Dec. 26, 2023), report and recommendation adopted, 2024 WL 1406662 (S.D.N.Y. Apr. 2, 2024) (recognizing that the "netting approach" – that is, where the attorney is paid an amount less than the prior EAJA fee award – is disfavored in this District) (citing cases).

### CONCLUSION

I recommend that the Court GRANT Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b), and direct that counsel refund the Plaintiff the previously award EAJA fee of $2,750.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     March 24, 2026
           New York, New York

2

\*                    \*                    \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have 14 days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a), 6(d). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2); see Fed. R. Civ. P. 6(a), 6(d). These objections shall be filed with the Court and served on any opposing parties. See Fed. R. Civ. P. 72(b)(2). Courtesy copies shall be delivered to the Honorable Lewis J. Liman if required by that judge's Individual Rules and Practices. Any requests for an extension of time for filing objections must be addressed to Judge Liman. See Fed. R. Civ. P. 6(b). The failure to file timely objections will waive those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. James, 712 F.3d 79, 105 (2d Cir. 2013).

3